UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

DEBRA AND WAYNE ANDERSON,
Individually and as parents and next
friends of JENNY ANDERSON, a
child,

    Plaintiffs,

v.

CIMARRON MUNICIPAL SCHOOL
DISTRICT, et al.,

    Defendants.

No. Civ. 98-999 BRB/WWD

MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiffs have filed a response in opposition to the motion.

I. Background

The complaint sets forth the facts as follows. In the Spring of 1996, Plaintiff Jenny Anderson attended third grade at Eagle Nest Elementary School. Eagle Nest Elementary is located within the Cimarron Municipal School District. Defendant Devonna Todd was Jenny's teacher.

In late February or early March, 1996, Todd discussed the Christian religion with the class. Jenny was present for the discussion. Todd discussed

various aspects of Christianity with the class including Heaven, Adam and Eve, the serpent, King Solomon, angels and the devil. Todd told the students that the devil had come down from Heaven because he believed he was better than God. Todd told the students that the devil was in the classroom, in the drawers, in the desks and in the children themselves. Todd ridiculed non-Christian religions and told the students "that non-Christians, including Catholics, would not go to Heaven." After the discussion, Todd instructed the students not to talk to their parents about what she discussed in class that day.

After school, Jenny told her parents, Plaintiffs Wayne and Debra Anderson, what Todd discussed in class. Her parents contacted the principal of Eagle Nest Elementary, Defendant Lee Mills. Mills praised Todd, but told the parents he would take care of the problem. He asked them to "please let [him] know if this [happens] again." Jenny's parents then called Defendant Stanley E. Samuels, President of the school board. Samuels immediately knew the parents were talking about Todd. Samuels assured the parents that Todd would not talk to Jenny. He told the Andersons "we don't want to go on a witch hunt here." Defendant Superintendent Thelma Coker called the Andersons and gave similar assurances.

Jenny attended school the following day. Todd twice called Jenny aside and admonished her for telling her parents about the previous day's discussion.

The Andersons called Defendant Samuels and told him that Jenny would not attend school so long as Todd was her teacher. Samuels suggested that the Andersons either home school Jenny or move her to another school district.

Plaintiffs allege that as a result of Todd's discussion and the incidents surrounding it, Jenny was ostracized by her classmates. She became withdrawn and unable to make friends. Jenny often has nightmares about the devil and has anxiety problems in relation to her schoolwork. The Andersons were forced to sell their house at a considerable loss and move to another area.

## II. Motion to Dismiss

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must construe the complaint in a light most favorable to the plaintiff and accept the allegations asserted in the complaint as true. See e.g., Warth v. Seldin, 422 U.S. 490, 501 (1974). The court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 246 (1980). The court may not weigh potential evidence that the parties might present at trial. Instead, limiting its inquiry to the fourcorners of the complaint, the court must assess whether Plaintiffs alleged facts sufficient to state a claim upon which relief may be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th

Cir. 1991).

The Establishment Clause of the First Amendment prohibits government from making laws "respecting an establishment of religion." This prohibition extends to the states by operation of the Fourteenth Amendment. <u>Bauchman v. West High School</u>, 132 F.3d 542, 550 (10th Cir. 1997). Plaintiffs complaint alleges that Defendants violated Jenny Anderson's First Amendment rights by teaching and endorsing religion in the classroom. Defendants request that the court dismiss the complaint because accepting Plaintiffs' allegations as true, the complaint fails to state a claim upon which relief may be granted.

The Supreme Court has repeatedly refused to analyze Establishment Clause cases under "any single test or criterion." <u>Lynch v. Donnelly</u>, 465 U.S. 668, 678-79 (1984). Although there is no bright line test to apply, the Court has provided lower courts with some guidance on the issue. In <u>Lemon v. Kurtzman</u>, 403 U.S. 602, 612-13 (1971), the court stated that government action does not violate the Establishment Clause if it: (1) has a secular purpose; (2) does not have the principal or primary effect of advancing or inhibiting religion; and (3) does not foster an excessive entanglement. The Court has since refined <u>Lemon</u>, focusing largely on whether the government action impermissibly endorses religion. <u>See e.g.</u>, <u>County of Allegheny v. ACLU</u>, 492 U.S. 573, 592-93 (1989).

In determining whether government conduct improperly endorses religion,

the court must consider whether the conduct "has either (1) the purpose or (2) the effect of conveying a message that religion or a particular religious belief is favored or preferred." <u>Bauchman</u> 132 F.3d at 551 (internal quotations omitted). The purpose component should evaluate whether the government actually intended to endorse or disapprove of religion. <u>Id</u>. The effect component focuses on whether a "reasonable observer," aware of the context in which the conduct occurs, would view the conduct as "communicating a message of government endorsement or disapproval." <u>Id</u>. at 551-52.

In order to sustain their Establishment Clause claim, Plaintiffs must allege facts indicating that Defendants had no "clearly secular purpose" for engaging in the conduct about which Plaintiffs complain. <u>Wallace v. Jaffree</u>, 472 U.S. 38, 56 (1985). Plaintiffs may also prevent dismissal by alleging facts showing that Defendants' actual purpose was to endorse or inhibit religion. <u>County of Allegheny</u>, 492 U.S. at 592.

Accepting Plaintiffs' factual allegations as true, Defendants' motion to dismiss must be denied. In their complaint, Plaintiffs allege facts sufficient to prevent dismissal under either the purpose or effect standard. A "reasonable observer," examining the facts alleged in Plaintiffs' complaint, could easily conclude that Defendants' acts <u>both</u> endorsed and disapproved of religion. Moreover, the court is unable to discern any secular purpose for Defendants'

5

actions. Therefore, the complaint also withstands 12(b)(6) dismissal under the "purpose" test.

Accordingly,

IT IS HEREBY ORDERED that the Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss is DENIED.

So ordered this 23rd day of March, 1999.

 Bobby R. Baldock
UNITED STATES CIRCUIT JUDGE
sitting by designation